UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 07-106 |
| | ) | |
| KRISTINA LaFRANCE | ) | |

REDACTED VERSION OF
DEFENDANT'S RESPONSE TO PRESENTENCE INVESTIGATION REPORT

Now comes the defendant, Kristina LaFrance, and responds to the presentence investigation report as follows.

I. PARAGRAPH 36

The defendant recollects that the separation from her husband took place in 2005, not 2006.

II. ROLE IN THE OFFENSE

The defendant asks for a reduction in the offense level based on her role in the offense, pursuant to U.S.S.G. §3B1.2. The Court of Appeals for the First Circuit has spelled out the law with respect to role in the offense adjustments. The Court has said:

> The sentencing guidelines afford two possible adjustments for a defendant whose part in the offense of conviction dilutes his culpability: a two-level adjustment for minor participation and a somewhat more generous four-level adjustment for minimal participation. See USSG § 3B1.2. The difference between a minimal and a minor participant is a difference of degree, not kind. United States v. Sanchez, 354 F.3d 70 n.2 (1st Cir. 2004) [No. 02-2504, slip op. at 7 n.2].
>
> To qualify as a minor participant, a defendant must prove that he is both less culpable than his cohorts in the particular criminal endeavor and less culpable than the majority of those within the universe of persons participating in similar crimes. 354 F.3d 70 [slip

> op. at 7]; United States v. Teeter, 257 F.3d 14, 30-31 (1st Cir. 2001). To qualify as a minimal participant, a defendant must prove that he is among the least culpable of those involved in the criminal activity. In our view, this entails proof that he is substantially less culpable than his cohorts in the actual offense and that he is substantially less culpable than the vast majority of those taking part in similar crimes. See USSG § 3B1.2, cmt. (nn.3(A), 4, 5);….

United States v. Santos, 357 F.3d 136, 142 (1st Cir. 2004). In United States v. Santos, the defendant argued that as a courier he should have received a 4 level reduction as a minimal participant, rather than the 2 level reduction the District Court granted. The Court of Appeals did not reverse, citing two factors. The Court noted the "very large" quantity of drugs. The Court in fact held the defendant in Santos responsible for 35 kilograms of cocaine. The case was a sting in which the defendant was to be a courier for a group purchasing the cocaine. The Court of Appeals also cited to another case in which 26 kilograms of cocaine also was considered large. In this case, the drugs were about 25 pounds of marijuana and 943 grams of cocaine (less than 1 kilo), according to the prosecution version in the Presentence Report.

The second factor the Court of Appeals noted was the role of the defendant in Santos. The Court said:

> For another thing, the record contains evidence that the appellant did more than merely serve as a courier: for example, he inspected the cocaine for quality and assisted in repackaging it for transportation.

Id. at 143. In this case, the role of the defendant was far less. She did not inspect the drugs for quality or assist in the repackaging of the drugs or do anything similar to these activities.

Finally, the defense would note that there is a third factor of interest in the Santos case. The opinion reports the defendant in that case was paid either $2,000 or $2,500 the

Court noting that the difference did not matter. Id. at 139. The figure of $2,000 or $2,500 compares with the $100 sum paid to the defendant in this case.

In considering a role in the offense reduction, the first factor is the defendant's role vis-à-vis the person with whom she acted. In this case, the roles are very clear. In essence, the defendant is paid $100 to go to an apartment for the purpose of accepting the package with drugs. The package is delivered, the defendant signs for it, and she is paid $100. She does not inspect the drugs, she does no negotiating, she does no delivery or transport of the drugs. Everything is set up by the co-defendant. See e.g.,. the Presentence Report. The defense does note that in the prosecution version in paragraph 10 of the Presentence Report, there is the statement that the co-defendant called a woman and spoke with her in Spanish. When the co-defendant called and spoke with this woman in Spanish and then gave the phone to the Task Force Agent, the woman on the phone was not the defendant. The defendant does not speak Spanish.[1]

The defendant told law enforcement that Gonzalez, the co-defendant, was the brother of her boyfriend, that he is a drug dealer, and that she was paid 100 dollars to accept the package. A search of the defendant revealed she had the 100 dollars in cash on her.

The defendant's role in this case was extraordinarily limited. The connection was obviously that the co-defendant was the brother of her boyfriend. There is no evidence of her involvement in any other transactions and the only transaction charged in this case is the receipt of the package. With respect to the defendant's role vis-à-vis the co-defendant, the defense submits that the evidence is clear that Ms. LaFrance's role was very much less than the role of Gonzalez.

[1] The defendant is prepared to offer evidence that she does not speak Spanish, if this fact becomes an issue.

The next question is how does the defendant's conduct compare with others convicted of comparable crimes. The defense submits that the defendant's conduct is at the virtual bottom of the list of behavior. Perhaps the payment of $100 is the truest measure of her role in the offense. It truly is a small sum. See, e.g., United States v. Santos, discussed above, in which the defendant was paid $2,000 or $2,500. Some other indications of her role in the offense come from the limited time she was apparently involved. She is brought to the apartment, is there very briefly, and the arrest takes place. According to the prosecution version, there is apparently counter-surveillance. She is not even on her own to receive the drugs.

Given this factual scenario, the defense asks for a 4 level role in the offense reduction as a minimal participant. By way of comparison, the defense submits for consideration the facts in two cases. In United States v. Santos, supra, the facts have already been delineated. The quantity of drugs was much greater, the defendant was more than a courier, and he was paid either $2,000 or $2,500. In United States v. Flor Jurado-Lopez, 338 F. Supp.2d 246 (D. Mass. 2004) the defendant received a two level reduction for her role in the offense. She was a mule in a drug transaction and transported 23 pellets of heroin (250.7 grams) stuffed in her body, though under the guidelines she was responsible for a total of 2,570 grams of heroin and sentenced based on that figure. The Court gave her a two level reduction for a minor role and said it would not assign a minimal role reduction:

> … because of the number of trips she took, and because of the Guidelines admonition that this adjustment be used "infrequently." U.S.S.G. § 3B1.2, cmt. n. 4.

Id. at 252.

In this case, there is no evidence of the defendant's involvement in other drug transactions. That factor distinguishes this case from United States v. Flor Jurado-Lopez in terms of whether the reduction for role in the offense ought to be 4 points or 2 points. The defense also recognizes that the Court has the authority to order an intermediate reduction of 3 points. The defense would urge the maximum reduction for role in the offense of 4 points, but if that reduction is not provided the defense would ask for a 3 level reduction, and then if that is not provided a 2 point reduction.

Finally, in further support of the defendant's claim for a role in the offense reduction, the defense submits Attachment 1 to this response. The defense performed a query on LEXIS for all cases decided by the United States Court of Appeals for the First Circuit during the last 5 years, which included the term 3B1.2, the applicable guideline provision.[2] Attachment 1 seeks to present in a table form the relevant information from these 33 cases as they relate to role in the offense determinations.[3] The list includes unpublished cases. The defense notes that the United States Court of Appeals for the First Circuit, Loc. R. 32.1.0 permits citation of unpublished decisions of that Court regardless of the date of issuance.

The defense believes that a review of these decisions by the Court of Appeals further buttresses the claim that the defendant in this case should receive a four point adjustment for role in the offense. The defense acknowledges that the table which is attachment 1 is an imperfect product. It focuses on the facts which are the bases of the decisions because determinations of role in the offense are so fact intensive. The table

[2] The actual query was: "3b1.2" restricted by date to the previous five years. The effective date of the search was January 2, 2008.

[3] The defense ran a similar search for cases decided published by the United States District Court for the District of Rhode Island, eliminating any date restriction. The defense was only able to identify two such cases, and neither addressed the substantive merits of a role in the offense claim.

seeks to cull out the most relevant facts, but inevitably the distillation of 33 opinions into a table involves making choices about what facts are significant. The table sometimes quotes directly from the opinions and other times seeks to summarize the information. Yet, with all these disclaimers, the defense offers the table in the belief that it is informative as to how the role in the offense adjustment is viewed over a spectrum of cases.

From this review, the defense submits that two particularly salient themes emerge fairly clearly. First, the quantity of drugs in this case should not be a barrier to giving the defendant a role in the offense adjustment. Indeed, there are cases in which the quantity of drugs far exceeded the quantity in this case and the defendant did received a role in the offense adjustment. See, e.g. United States v. Santos, 357 F.3d 136 (lst Cir. 2004); United States v. Rodrigues-Castillo, 350 F.3d 1 (2003), cert. denied, 158 L.Ed.2d 387 (2004).

Second, the actions of the defendant in this case, when compared with the conduct of the defendants in the cited cases, illuminate why she should receive a 4 point adjustment for role in the offense. Her involvement was limited in virtually every way. She really was the quintessential "bit" player.

KRISTINA LaFRANCE
By his Attorney,

/s/Robert B. Mann____________

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 3rd day of January, 2008, I did send a true copy of the within redacted document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net