# ATTACHMENT 1

## TABLE OF CASES IN THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT WHICH CITE U.S.S.G. §3B1.2

| No. | Citation to Case | Action<br>This section is a combination of defense counsel's summary and/or quotes from the case or the LEXIS overview. | Drug Case Y/N |
|---|---|---|---|
| 1 | United States v. Cirilo-Munoz, No. 05-2469, UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 504 F.3d 106; 2007 U.S. App. LEXIS 23050, October 2, 2007, Decided | Two judges of the court disagree as to whether there was a Guidelines error as to the minimal participant issue; the third judge finds it unnecessary to address the issue on appeal in light of the remand for resentencing. | N |
| | | | |
| 2 | United States v. Bravo, Nos. 05-1144, 05-1145, No. 05-1146, No. 05-1147 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 489 F.3d 1; 2007 U.S. App. LEXIS 12925, May 29, 2007, Decided , US Supreme Court certiorari denied by Bravo v. United States, 128 S. Ct. 344, 169 L. Ed. 2d 241, 2007 U.S. LEXIS 10887 (U.S., 2007)US Supreme Court certiorari denied by Martinez-Rosado v. United States, 128 S. Ct. 414, 169 L. Ed. 2d 290, 2007 U.S. LEXIS 11250 (U.S., 2007) | Denied Minor Role Finding<br><br>n3 The Drug Enforcement Administration ("DEA") later determined that the bales constituted approximately 5,000 pounds of marijuana with a street value of $ 7.5 million.<br><br>United States v. Bravo, 489 F.3d 1, 5 (1st Cir. 2007)<br><br>Crewmembers denied a minor role reduction.<br><br>Here, although the PSR recommended that a two-level adjustment be granted, the government objected to the recommendation, arguing that Appellants were culpable to the same degree because they were all members | Y<br>Marijuana 5000 pounds (about 2272 kilograms) with street value of $7.5 million |

| | | | |
|---|---|---|---|
| | | of the vessel's crew, equally advancing the same venture. Appellants argued that because none of them were the captain of the vessel, but rather crew members, with less significant functions than the captain, [**25] they held minor roles. In denying the adjustment, the sentencing court ruled that it could not differentiate the major from the minor participants in the case.<br><br>While we acknowledge that the record indicates that Cardona-Sandoval was the captain of the vessel, and that Appellants were the crew, it is not clear that the sentencing judge erred in denying the adjustment.<br><br>United States v. Bravo, 489 F.3d 1, 11 (1st Cir. 2007) | |
| | | | |
| 3 | Same case as number 2, before rehearing – The entire history and citation of the case is not provided. United States v. Bravo, 480 F.3d 88 | NA | NA |
| | | | |
| 4 | United States v. Dung Cao, No. 06-1224 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 471 F.3d 1; 2006 U.S. App. LEXIS 30836, December 15, 2006, Decided | Denied Minor Role Finding<br><br>In this case, Cao had more than one source of drugs in Massachusetts (and local sources in Maine), made multiple trips to secure drugs, transported substantial sums of money from Maine to Massachusetts and supplied multiple customers. He was, as the government said, "a player rather than a . . . dabbler," United States v. Tom, 330 F.3d 83, 96 (1st Cir. 2003); he did not show himself to be less important than the average; and the district judge was well justified in refusing a downward | Y<br>More than 50 grams of crack |

| | | | |
|---|---|---|---|
| | | adjustment.<br><br>Possession with intent to distribute more than 50 grams of crack<br><br>United States v. Dung Cao, 471 F.3d 1, 5 (1st Cir. 2006) | |
| | | | |
| 5 | United States v. Perez, No. 05-2588 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 210 Fed. Appx. 20; 2006 U.S. App. LEXIS 30993, December 15, 2006, Decided , RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT. , As Amended, December 22, 2006. | Denied Minor Role Finding<br><br>OVERVIEW: In declining to apply a minor-role adjustment, the district court relied on undisputed evidence that, rather than simply serve as a deckhand and intended offloader of the drugs onboard, defendant traveled 12 miles to get the drugs, loaded them onto a speedboat headed for a known drug-trafficking location, was one of only two people onboard the speedboat, and participated in throwing some of the drugs overboard once the vessel was approached by law enforcement authorities. The court noted that the amount of drugs was "huge" as was defendant's promised pay-off. The fact that he may or may not have been a smaller part of a larger conspiracy did not diminish his role in the cocaine possession offense charged. The district court did not clearly err in refusing to apply a minor-role reduction in his offense level.<br><br>United States v. Perez, 210 Fed. Appx. 20 (1st Cir. 2006)<br><br>The court further noted that the amount of drugs--over 1,000 kilograms of cocaine and over 6 kilograms of heroine--was "huge" as was the amount of money ($ 80,000) that Perez was promised for his participation. | Y<br>Over 1000 KG of cocaine and over 6 KG of Heroin<br><br>$80,000 promised payment |

| | | | |
|---|---|---|---|
| | | United States v. Perez, 210 Fed. Appx. 20, 21 (1st Cir. 2006) | |
| | | | |
| 6 | United States v. Santiago-Salazar, No. 05-2444 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 186 Fed. Appx. 23; 2006 U.S. App. LEXIS 19357, August 1, 2006, Decided , RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT. | Denied minor role finding<br><br>Perry Santiago-Salazar pleaded guilty to possessing cocaine with intent to distribute after law enforcement officials seized a cocaine-filled suitcase that he had placed aboard an airline flight from Puerto Rico to New York.<br><br>United States v. Santiago-Salazar, 186 Fed. Appx. 23 (1st Cir. 2006)<br><br>A defendant seeking a minor-role adjustment bears the burden of showing that he is (1) less culpable than most other people involved in the particular offense for which he was convicted and (2) less culpable than most other perpetrators of comparable crimes. See United States v. Mateo-Espejo, 426 F.3d 508, 512 (1st Cir. 2005). The defendant here has made no such showing. To the contrary, the facts indicate that Santiago-Salazar was in charge of the illicit transaction, since he not only orchestrated the [**3] shipment of the suitcase but had follow-up conversations and meetings with a confidential source to determine the status of the suitcase and obtain a receipt for the drugs. The district court cited these follow-up activities as cause to deny the minor-role adjustment.<br><br>United States v. Santiago-Salazar, 186 Fed. Appx. 23, 24 (1st Cir. 2006) | Y |
| | | | |
| 7 | United States v. Escobar-Figueroa, No. 04-1258 , UNITED STATES COURT OF APPEALS | Denied minor role finding<br><br>Escobar contends that his "conduct was one of a street pusher for Splenda | Y<br>1.5 KG of crack or more |

| | | | |
|---|---|---|---|
| | FOR THE FIRST CIRCUIT, 454 F.3d 40; 2006 U.S. App. LEXIS 16970, July 7, 2006, Decided , As Amended, August 17, 2006. US Supreme Court certiorari denied by Escobar-Figueroa v. United States, 2006 U.S. LEXIS 8478 (U.S., Nov. 6, 2006) | bag size crack." The evidence shows, however, that for a lengthy period he was also the co-owner of a drug point. He purchased and prepared drugs for resale, supplied drugs to other co-conspirators and decided the price scheme [**22] for the sale of drugs. He then kept the proceeds from the transactions. Thus it was scarcely error, let alone plain error, for the court not to give a downward adjustment on "minor participant" grounds.<br><br>United States v. Escobar-Figueroa, 454 F.3d 40, 50 (1st Cir. 2006)<br><br>The quantity of drugs was a subject of discussion in the opinion. It was at least 1.5 kilograms of crack or the equivalent of 150 kilograms of cocaine, a term the sentencing court employed. | |
| | | | |
| 8 | United States v. Sierra, No. 05-1564; No. 05-1565 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 186 Fed. Appx. 16; 2006 U.S. App. LEXIS 16696, July 3, 2006, Decided , RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT. , US Supreme Court certiorari denied by Montenegro v. United | Denied Minor Role Finding<br><br>One defendant forfeited issue by not raising it at sentencing.<br><br>As to second defendant, the Court did not explicitly rule on role in the offense question. The Court of Appeals reviewed for plain error and found none. The defendant was on a ship which dumped 654 kilograms of marijuana into the sea. | Y<br>654 KG of marijuana |

| | | | |
|---|---|---|---|
| | States, 2006 U.S. LEXIS 8468 (U.S., Nov. 6, 2006) | | |
| | | | |
| | | | |
| 9 | United States v. Pho, No. 05-2455, No. 05-2461 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 433 F.3d 53; 2006 U.S. App. LEXIS 153, January 5, 2006, Decided | Not applicable. Does not involve a decision on role in the offense.<br><br>Note - Also, overruled in part by Kimbrough v. United States, 2007 U.S. LEXIS 13082 (2007) | NA |
| | | | |
| 10 | United States v. Mercedes Mercedes, No. 04-2490 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 428 F.3d 355; 2005 U.S. App. LEXIS 24337, November 10, 2005, Decided | Not applicable. Does not involve a decision on role in the offense. | Y<br>1.246 KG of heroin |
| | | | |
| 11 | 11. United States v. Yeje-Cabrera, No. 03-1329, No. 03-1510, Nos. 03-1874, 03-1969 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 430 F.3d 1; 2005 U.S. App. LEXIS 23654, November 2, 2005, | Not Applicable<br><br>The trial court awarded a 4 point minimal role reduction to one defendant , but this case is not particularly informative on the question of role in the offense, because it appears to have been based on the District Court's view that it should be granted as a result of "fact bargaining." The Court of Appeals reversed apparently based on the use of this rationale. | Y |
| | | | |
| 12 | United States v. Mateo-Espejo, No. 03-1177 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 426 F.3d 508; | Denied Minor Role Finding<br><br>In an effort to satisfy the first prong, the appellant asserts that Weeks was the ringleader -- the person who arranged the transaction -- while he | Y<br>247.04 grams of crack |

| | | | |
|---|---|---|---|
| | 2005 U.S. App. LEXIS 22739, October 21, 2005, Decided , US Supreme Court certiorari denied by Mateo-Espejo v. United States, 164 L. Ed. 2d 112, 2006 U.S. LEXIS 1662 (U.S., Feb. 21, 2006) | (Mateo-Espejo) was merely a courier. This assertion lacks force. Although the appellant may not have arranged the initial meeting, he transported a large amount of crack to the delivery site, played a significant role in the culmination of the sale, and met again with the buyer (this time, without Weeks) to collect the unpaid balance of the purchase price. Based on these facts, the district court found that the appellant was not substantially less culpable than his coconspirator [**11] (and, thus, not a minor participant).<br><br>United States v. Mateo-Espejo, 426 F.3d 508, 512 (1st Cir. 2005) | |
| 13 | 13. United States v. Casas, 425 F.3d 23 (2005), subsequent history omitted | Not applicable. Does not involve a decision on role in the offense. | Not applicable |
| | | | |
| 14 | United States v. Pena-Hernandez, No. 04-1489 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 146 Fed. Appx. 499; 2005 U.S. App. LEXIS 18520, August 26, 2005, Decided , RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT. , Appeal after remand at United States v. | Defendant pled guilty to conspiring to possess with intent to distribute more than 5 kilograms of cocaine. He received a minor role in the offense adjustment. There was no dispute about this adjustment on appeal. | Y<br>Over 5 KG of cocaine |

| | | | |
|---|---|---|---|
| | Pena-Hernandez, 2007 U.S. App. LEXIS 8245 (1st Cir. P.R., Apr. 10, 2007) | | |
| | | | |
| 15 | United States v. De Los Santos, 420 F.3d 10 (2005) . | Not applicable. Does not involve a decision on role in the offense. | Not applicable |
| | | | |
| 16 | United States v. Molina, 407 F.3d 511 (2005) ., subsequent history omitted | Not applicable. Does not involve a decision on role in the offense. | Not applicable |
| | | | |
| 17 | United States v. Fraser, 388 F.3d 371 (2004), subsequent history omitted | Not applicable. Does not involve a decision on role in the offense. | Not applicable |
| | | | |
| 18 | United States v. Montero-Montero, 370 F.3d 121 (2004) | Not applicable. Does not involve a decision on role in the offense. | Not applicable |
| | | | |
| 19 | United States v. Gonzalez, No. 03-1390, No. 03-1826 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 363 F.3d 15; 2004 U.S. App. LEXIS 5848, March 30, 2004. | Denied Minor Role Finding<br><br>The defendant Martinez claimed he was entitled to a role in the offense adjustment apparently based on the fact that he was only the driver of the car that brought the one or the other of the co-defendants to the location for the drug transaction. The evidence showed he was the driver for at least three meetings resulting in transactions and also for another meeting that was planned for a drug transaction, but the defendants were arrested before it could be completed. The Court said:<br>Even if Martinez's role were limited to that of driver, that would not necessarily, without more, prove that he deserved a role adjustment. See United States v. Gonzalez-Soberal, 109 F.3d 64, 73-74 (1st [*19] Cir. 1993). In any event, Martinez admitted that he had weighed and | Y<br>Defendant paid $900 a week apparently for at least three weeks. |

| | | | |
|---|---|---|---|
| | | packaged cocaine and that he had used hidden compartments located in at least two different cars to conceal and transport drugs and money. Martinez was paid $ 900 a week for his services.<br><br>United States v. Gonzalez, 363 F.3d 15, 18-19 (1st Cir. 2004) | |
| | | | |
| 20 | United States v. Santos, No. 03-1504 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 357 F.3d 136; 2004 U.S. App. LEXIS 2330, February 12, 2004 | Defendant granted a two level role in the offense adjustment by the District Court. Court of Appeals held that there was no error in not giving a 4 level adjustment .<br><br>Defendant argued that as a courier he should receive a 4 level adjustment for being a minimal participant. The Court noted the large quantity of drugs. The Court also said:<br>For another thing, the record contains evidence that the appellant did more than merely serve as a courier: for example, he inspected the cocaine for quality and assisted in repackaging it for transportation.<br><br>United States v. Santos, 357 F.3d 136, 143 (1st Cir. 2004)<br><br>The evidence also showed the defendant was paid either $2500 or $2000 for his participation. | Y<br>35 Kilograms of cocaine Defendant paid $2000 or $2500 |
| | | | |
| 21 | United States v. Sanchez, No. 02-2504, No. 02-2566 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 354 F.3d 70; 2004 U.S. App. LEXIS 120, January 7, 2004, | Denied Minor Role Finding for each defendant.<br><br>This was a carjacking and double homicide.<br><br>Sanchez effectively admitted during | N |

| | | | |
|---|---|---|---|
| | Decided , US Supreme Court certiorari denied by Sanchez v. United States, 158 L. Ed. 2d 751, 2004 U.S. LEXIS 3581 (U.S., May 17, 2004)US Supreme Court certiorari denied by Anderson v. United States, 158 L. Ed. 2d 750, 2004 U.S. LEXIS 3567 (U.S., May 17, 2004) | the change-of-plea colloquy that he furnished the car used in committing the crimes, drove his comrades around downtown Providence in search of victims, held himself available as a "getaway driver" should the attempted [**8] carjacking go awry, suggested where to take the victims following their abduction, searched the carjacked vehicle for valuables, and used some of the appropriated cash. He also admitted that other participants would testify that he urged one of his companions (Floyd) to shoot the victims and that he offered to kill them himself should Floyd balk. Given this scenario, it beggars credulity to think that Sanchez could qualify as a minor participant in the criminal activity.<br><br>United States v. Sanchez, 354 F.3d 70, 74 (1st Cir. 2004)<br><br>On this record, a rational trier easily could have found that Anderson recruited an accomplice (Sanchez) who made available the car used in committing the crimes; that he accompanied his coconspirators on their prowl through downtown Providence as they hunted for potential victims; that he served as a lookout while the group abducted not one but two innocent young people; that he ordered the victims to exit the carjacked vehicle once the caravan had reached the murder site; that he removed jewelry from Shute's person just prior to her execution; and that he expressed no disapproval when his compatriots discussed the desirability of murdering the victims. Given Anderson's continuous presence and his willing participation in the aforedescribed events, the lower court | |

| | | | |
|---|---|---|---|
| | | plausibly could have inferred, from the totality of the circumstances, that he had failed to prove his entitlement to a minor participation credit.<br><br>United States v. Sanchez, 354 F.3d 70, 75 (1st Cir. 2004) | |
| | | | |
| 22 | . United States v. Capelton, No. 02-1248, No. 02-1460 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 350 F.3d 231; 2003 U.S. App. LEXIS 24042; 62 Fed. R. Evid. Serv. (Callaghan) 1583; 7 A.L.R. Fed. 2d 781, November 26, 2003, Decided , US Supreme Court certiorari denied by White v. United States, 159 L. Ed. 2d 257, 124 S. Ct. 2830, 2004 U.S. LEXIS 4132 (U.S., 2004)US Supreme Court certiorari denied by Capelton v. United States, 2004 U.S. LEXIS 5197 (U.S., Oct. 4, 2004) | Denied Minor Role Finding<br><br>The Court said, with respect to the defendant White:<br><br>Since he was an integral link in all eight drug transactions, we cannot find any clear error in the sentencing judge's decision to deny a downward adjustment.<br><br>United States v. Capelton, 350 F.3d 231, 246 (1st Cir. 2003)<br><br>The amount of the drugs was not explicitly totaled by the Court of Appeals, but it clearly included over 31 ounces of crack cocaine. | Y<br>Over 31 ounces of crack |
| | | | |
| 23 | United States v. Morales-Madera, No. 02-1220 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 352 F.3d 1; 2003 U.S. App. LEXIS 23658; 62 Fed. R. Evid. Serv. (Callaghan) 1426, November 20, 2003, Decided , US Supreme Court certiorari denied by Morales-Madera v. United | Argument was abandoned, but the Court said:<br>Even if Morales-Madera had preserved his objection, his argument would fail. HN21Review of the decision to deny a downward adjustment for minor role is for clear error. United States v. Rosario-Peralta, 199 F.3d 552, 571 (1st Cir. 1999). No such error occurred here. The district court could reasonably have concluded that Morales-Madera was not a minor participant. Agent | Y<br><br>More than 150 kilograms of cocaine |

| | | | |
|---|---|---|---|
| | States, 158 L. Ed. 2d 410, 2004 U.S. LEXIS 2479 (U.S., Mar. 29, 2004) | Cases testified that Morales-Madera was the right-hand man of Naranjo-Rosa. This testimony is confirmed by the wiretaps, which show Morales-Madera [**33] discussing the price of 20 kilograms of cocaine, planning to collect a $ 30,000 debt for Gutierrez-Naranjo, determining the price for 625 grams of heroin from the Dominican Republic, and making travel arrangements to the Dominican Republic to purchase heroin. These activities could reasonably be viewed as more than minor participation. United States v. Morales-Madera, 352 F.3d 1, 14 (1st Cir. 2003) | |
| | | | |
| 24 | United States v. Soto-Beniquez, 356 F.3d 1 (lst Cir. 2003), subsequent history omitted for this multiple defendant case, in which there were many petitions for certiorari, all unsuccessful. The case has not been reversed. | Denied Minor Role Finding<br><br>Absent a mistake of law, we review the district court's fact-based determination that a defendant was not a minor participant for clear error. United States v. Rosario-Peralta, 199 F.3d 552, 571 (1st Cir. 1999). The court's determination was not clearly erroneous. The government presented testimony at trial that de Leon Maysonet stored weapons and narcotics for the conspiracy in 1992, stood as an armed guard at drug points in 1993, and packaged and sold narcotics at the Callejon Nueve point in 1993. The government also presented evidence at trial that he participated in an unsuccessful mission to Fajardo to find and kill an individual named Vitito, who had been hired to kill those responsible [**123] for stealing the 200 kilograms of cocaine. The evidence is sufficient to support the district court's finding that de Leon Maysonet was not a minor participant, based on his two-year involvement | Y |

| | | | |
|---|---|---|---|
| | | and his participation in a variety of criminal activities in support of the conspiracy. As to Gonzalez-Ayala, government witnesses Negron-Maldonado and Torrens-Alicea testified at trial that he participated in the planning and execution of the theft of 200 kilograms of cocaine in Fajardo and that he received profits from the sale of that cocaine. They also testified that he helped package heroin and [*54] cocaine for distribution at the Callejon Nueve point. The record supports the district court's conclusion, based on the quantity of drugs he helped obtain for the conspiracy and his ongoing role in the packaging and sale of those drugs, that Gonzalez-Ayala was not a minor participant. | |
| | | | |
| 25 | United States v. Rodriguez-Castillo, No. 02-1879 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 350 F.3d 1; 2003 U.S. App. LEXIS 23315, November 17, 2003, Decided , US Supreme Court certiorari denied by Rodriguez-Castillo v. United States, 158 L. Ed. 2d 387, 2004 U.S. LEXIS 2296 (U.S., Mar. 22, 2004) | Defendant received a two point adjustment for a minor role in the offense in the District Court. This was not a subject of the appeal.<br><br>Weight attributed to defendant was 149 kilograms of cocaine which was part of the plea agreement.<br><br>The defendant notes that this case is noteworthy because the defendant received a two level adjustment notwithstanding the fact that 149 kilograms of cocaine were attributable to him. | Y<br><br>149 kilograms of cocaine |
| | | | |
| 26 | United States v. Tobar, No. 03-1214 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 73 Fed. Appx. 471; 2003 U.S. | This was a pro-se appeal denying a motion for sentence modification. The per curiam opinion does not address the merits of assessing a role in the offense adjustment pursuant to U.S.S.G. 3B1.2. | Unknown |

| | | | |
|---|---|---|---|
| | App. LEXIS 18361, September 4, 2003, Decided , RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT. | | |
| | | | |
| 27 | United States v. Tom, No. 99-2279 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 330 F.3d 83; 2003 U.S. App. LEXIS 10979; 61 Fed. R. Evid. Serv. (Callaghan) 959, June 3, 2003, Decided | Denied Minor Role Finding<br><br>The district court's denial of Tom's request for a minor role in the offense adjustment was not clearly erroneous. [*96] The evidence supports the district court's finding that Tom was not a minor participant in the two counts on which he was convicted. First, the evidence [**25] showed that it was Tom who brokered the drug transaction. Only Tom knew both Quezada and Carter, and it was Tom who reached out for Carter to provide crack cocaine to Quezada. Tom was also the one who either contacted Carter or gave Quezada the number to call. Tom ordered the crack for Quezada from Carter and discussed the price with Carter in Quezada's presence. Second, it was Tom who went to meet Carter while Quezada sat in his minivan. Tom vouched for the quality of the crack cocaine, for Carter's claim to have weighed it, and for Carter generally. Third, it was because of Tom that Quezada was able to purchase more crack cocaine -- whether through Carter or through others to whom Carter had introduced Quezada. These facts show that Tom was a "player | Y |

| | | | |
|---|---|---|---|
| | | rather than a . . . dabbler" in the drug transaction. Ortiz-Santiago, 211 F.3d at 149.<br><br>United States v. Tom, 330 F.3d 83, 96 (1st Cir. 2003) | |
| | | | |
| 28 | . United States v. Downs-Moses, Nos. 00-2535, 00-2587, 00-2589, 01-1002, 01-1073, 01-1091, 01-1561 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 329 F.3d 253; 2003 U.S. App. LEXIS 10439, May 27, 2003, Decided , US Supreme Court certiorari denied by Ward-O'Neill v. United States, 2003 U.S. LEXIS 6592 (U.S., Oct. 6, 2003) | Granted a 2 level adjustment for role in the offense by the trial court. On appeal, defendant's claim he was entitled to a 4 level adjustment for a minimal role in the offense was denied. The Court noted:<br><br>The district court found that, because of the size of the cocaine shipment, the size of the boat used, and the number of defendants involved in its transport, the offense involved more than minimal planning, and was not likely to involve "strangers" to the transaction who had no role in the enterprise. Despite these conclusions, the district court gave Ward-O'Neill the benefit of a two-level reduction in his offense level.<br><br>United States v. Downs-Moses, 329 F.3d 253, 266 (1st Cir. 2003) | Y<br><br>975 Kilograms of cocaine |
| | | | |
| 29 | United States v. Lebron-Cepeda, No. 01-1650, No. 00-2293, , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 324 F.3d 52; 2003 U.S. App. LEXIS 6052, March 31, 2003, Decided , US Supreme Court certiorari denied by Caraballo-Gonzalez v. United States, 157 L. Ed. 2d 167, 124 S. Ct. 232, 2003 U.S. LEXIS | Denied Minor Role Finding<br><br>Lebron also contends that the district court clearly erred, see United States v. Ortiz-Santiago, 211 F.3d 146, 148-49 (1st Cir. 2000), in declining to award him a two-level reduction in his base offense level for playing a minor role in the offenses for which he was convicted, see U.S.S.G. § 3B1.2(b). In pressing this claim, Lebron points to evidence that he refused Evans-Garcia's directive that he kill Torres, returned Torres's | No |

| | | | |
|---|---|---|---|
| | 5851 (U.S., 2003) | jewelry to her, and told her to run. Lebron also contends that he was not the one giving orders or driving the car.<br><br>HN8Our review of a district court's decision not to award a role-in-the-offense reduction is deferential because the decision is extremely fact-sensitive. See Ortiz-Santiago, 211 F.3d at 148. Consequently, "absent a mistake of law, battles over a defendant's status will almost always be won or lost in the district court." Id. Here, we see no mistake of law or clear error in the district court's judgment that, with respect to the offenses of conviction, Lebron was not a minor participant. There was evidence that Lebron was the one who proposed the [**25] carjacking, secured the revolver used to take the car, held the revolver to Fontanez's head after possession of the car was wrested from Fontanez, shot Fontanez in the head at point-blank range, and ultimately decided that Torres would be spared. In view of these facts, Lebron's assertion of clear error borders on the specious.<br><br>United States v. Lebron-Cepeda, 324 F.3d 52, 61 (1st Cir. 2003) | |
| | | | |
| 30 | 30. United States v. Villarman-Oviedo, No. 01-2197 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 325 F.3d 1; 2003 U.S. App. LEXIS 5694; 60 Fed. R. Evid. Serv. (Callaghan) 1477, March 25, 2003, Decided , | Denied Minor Role Finding<br><br>He discussed with his co- conspirators not only the sale of drugs but also the need to find people to transport those drugs. Importantly, Villarman also supplied co-defendant Cruz with heroin and expressed worry about the loss of two kilograms of heroin transported by the conspiracy. Even | Y |

| | | | |
|---|---|---|---|
| | Magistrate's recommendation at, Post-conviction proceeding at Villarman v. United States, 2005 U.S. Dist. LEXIS 18299 (D.P.R., June 1, 2005) | without regard to Valerio's testimony about Villarman's asserted role in transporting 300 to 350 kilograms of cocaine, Villarman plainly has not shown clear [**37] error in the district court's determination that he was not a minor participant in the conspiracy to distribute more than one kilogram of heroin.<br><br>United States v. Villarman-Oviedo, 325 F.3d 1, 17 (1st Cir. 2003) | |
| | | | |
| 31 | United States v. Martinez-Vargas, No. 02-1155 , UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT, 321 F.3d 245; 2003 U.S. App. LEXIS 3828, March 4, 2003, | Denied Minor Role Finding<br><br>There is no credible evidence in the record to suggest that the appellant was less culpable than the mine-run of felons involved in similar crimes. To the contrary, he admitted during the change-of-plea colloquy that he conspired with Correa to buy five kilograms of cocaine; that he intended to distribute the cocaine after it was acquired; and that he and Correa went together to the scene of the planned transaction. His [**13] self-serving statement that he was only to receive $ 300 for his efforts is not supported by anything in the record and conflicts with his admissions at the change-of-plea hearing. Given this mise-en-scne, the appellant's status argument is not the "only one rationally supported by the record below." Id. Hence, the sentencing court's failure, sua sponte, to grant the appellant a role-in-the-offense reduction was not plainly erroneous. United States v. Martinez-Vargas, 321 F.3d 245, 250 (1st Cir. 2003) | Y<br>5 Kilograms of cocaine<br><br>Unsupported claim that defendant was only to receive $300 |
| | | | |
| 32 | United States v. Nelson- | Denied Minor Role Finding | Y |

| | | | |
|---|---|---|---|
| | Rodriguez, 319 F.3d 12, (1st Cir. 2003), subsequent history omitted for this multiple defendant case, in which there were many petitions for certiorari, all unsuccessful. The case has not been reversed. | Bonet argues that the court erred in not granting him a two-level reduction under U.S.S.G. § 3B1.2(b) for being a minor participant in the conspiracy. The commentary to this section states that HN62"a minor participant means any participant who is less capable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b) cmt. n.5. HN63In seeking a § 3B1.2 adjustment, a defendant "has the burden of proving that he is both less culpable than most others involved in the offense of conviction and less culpable than most other miscreants convicted of comparable crimes." United States v. Ortiz-Santiago, 211 F.3d 146, 149 (1st Cir. 2000). The court did not err in refusing to grant this adjustment. The testimony at trial showed that Bonet participated in several of the meetings in which the conspirators planned the importation of 700 kilograms of cocaine. Bonet was also responsible for testing the radio equipment that would be used. Finally, Bonet told CI Diaz that he had been part of Rivera's drug trafficking [**107] team for many years. It was entirely reasonable to conclude that Bonet was no minor participant.<br><br>United States v. Nelson-Rodriguez, 319 F.3d 12, 57 (1st Cir. 2003) | At least 700 kilograms of cocaine, heroin, or marijuana |
| | | | |
| 33 | United States v. Rivera-Rodriguez, No. 01-2134, No. 01-2315 , UNITED STATES COURT OF APPEALS FOR THE | Denied Minor Role Finding<br><br>As for the refusal to grant a downward adjustment for minor participant status, the district court | N |

| | | | |
|---|---|---|---|
| | FIRST CIRCUIT, 318 F.3d 268; 2003 U.S. App. LEXIS 1400, January 29, 2003, Decided , As Corrected February 12, 2003. Magistrate's recommendation at, Habeas corpus proceeding at Rodriguez v. United States, 2003 U.S. Dist. LEXIS 16323 (D.P.R., Sept. 9, 2003) | found that Rivera was one of "the prime sources" of the money laundering and Rivera fails to show why this was error, let alone plain error.<br><br>United States v. Rivera-Rodriguez, 318 F.3d 268, 278 (1st Cir. 2003) | |