UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 07-106S |
| | : | |
| JESUS GONZALEZ | : | |

# BUTLER HOSPITAL'S MOTION TO QUASH

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), non-party Butler Hospital ("Butler") moves to quash a subpoena and notice of deposition seeking:

"Any and all medical records of Kristina LaFrance d/o/b 7/18/70."

If the requested documents exist, the subpoena should be quashed on the grounds that it calls for the disclosure of information that is confidential under both federal and Rhode Island law. Under the Rhode Island Mental Health Law, Butler is not permitted to acknowledge whether or not the requested documents exist without a court order. The Rhode Island Confidentiality of Health Care Communications and Information Act prohibits disclosure of these medical records because Ms. LaFrance was not served with adequate notice of the subpoena. Furthermore, the federal Health Insurance Portability and Accountability Act ("HIPPA") has established a rigorous procedural framework for determining whether certain confidential information can be disclosed and under what circumstances. Finally, if the Court does find these records should be produced, they should first be reviewed in camera by the Court.

In further support of this motion, Butler relies upon the attached memorandum of law.

WHEREFORE, Butler Hospital requests the Court to grant its motion to quash.

BUTLER HOSPITAL

By its Attorney,

Kristie M. Passalacqua (#6945)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)

Dated: April 11, 2008

**CERTIFICATION**

TO:

Mary S. McElroy, Esq.
Assistant Federal Defender
10 Weybosset Street
Providence, Rhode Island 02903

Sandra Beckner, Esq.
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

I certify that on April 11th, 2008, I delivered via facsimile and first-class mail a copy of this within Motion to counsel of record, as listed above.

Kristie M. Passalacqua

BUTLER HOSPITAL

By its Attorney,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua (#6945)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)
kpassalacqua@haslaw.com

Dated: April 18, 2008

**CERTIFICATION**

I hereby certify that on April 18, 2008, a copy of the foregoing Motion to Quash was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : No. 07-106S
:
JESUS GONZALEZ :

**MEMORANDUM OF LAW IN SUPPORT OF BUTLER HOSPITAL'S MOTION TO QUASH**

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), non-party Butler Hospital ("Butler") moves to quash a subpoena and notice of deposition seeking the medical records of Kristina LaFrance (the "subpoena"), attached as Exhibit A.

## I. INTRODUCTION

Butler cannot comply with the subpoena or release any information it may have regarding Ms. LaFrance because (1) federal and Rhode Island law prohibit Butler from disclosing confidential information and (2) it appears Ms. LaFrance was not provided with the required notice of the subpoena and notice of her right to challenge it.

First, under the Rhode Island Mental Health Law Butler is not permitted to even acknowledge whether or not the requested documents exist without a court order. If the requested documents do exist, the subpoena should be quashed on the grounds that it calls for the disclosure of confidential mental health treatment information. Second, the Rhode Island Confidentiality of Health Care Communications and Information Act prohibits disclosure of these medical records because Ms. LaFrance was not served with adequate notice of the subpoena and her right to challenge it. If the Court does order Butler to produce any records it may have of Ms. LaFrance, then it should first review them in camera to ensure that they are relevant.

## II. ARGUMENT

### A. The Rhode Island Mental Health Law Prohibits Disclosure

As a psychiatric hospital, Butler is governed by the Rhode Island Mental Health Law. See R.I. Gen. Laws §40.1-5-1 et seq. Under the Mental Health Law, information and records concerning a particular person to whom Butler has rendered services is confidential. Id. § 40.1-5-26(a). Confidentiality extends to "[t]he fact of admission or certification and all information and records" related to mental health services. Id. Information and records may only be disclosed with the written consent of the patient or under specific exceptions enumerated in the Mental Health Law, including a court order. See id. § 40.1-5-26(b).

In this case, if the records exist, Butler does not have the written consent of Ms. LaFrance to release the requested information. Upon information and belief, no court order has been issued in this matter ordering the disclosure of the records sought. Nor does it appear that the subpoena issued falls within any of the enumerated exceptions of the Mental Health Law. Unless the Court orders the release of Ms. LaFrance's records, Butler's motion to quash should be granted.

### B. The Rhode Island Confidentiality of Health Care Communications and Information Act Prohibits Disclosure

Any of Ms. LaFrance's records requested by the subpoena are also confidential under the Rhode Island Confidentiality of Healthcare Communications and Information Act (the "Act"). See R.I. Gen. Laws §§5-37.3-1, et. seq. The Act expressly prohibits Butler from disclosing any information relating to a patient's health care history, diagnosis, condition, treatment or evaluation absent the written consent of the patient or his/her authorized representative, under

circumstances specifically enumerated by the Act, or pursuant to a valid court order. R.I. Gen. Laws §§ 5-37.3-4-6.1.

Butler is obligated to keep the medical information and records of its patients private and confidential. Butler does not have Ms. LaFrance's prior written consent to release the requested confidential healthcare information, if such information exists. Upon information and belief, in this matter there is no court order compelling the disclosure of this requested confidential healthcare information.

Furthermore, the Act requires written certification by a party issuing a subpoena for medical records that "[a] copy of the subpoena has been served by the party on the individual whose records are being sought on or before the date the subpoena was served, together with a notice of the individual's right to challenge the subpoena," §§5-37.3-6.1(a)(2), and that twenty days has passed without Ms. LaFrance objecting to the subpoena. R.I. Gen. Laws § 5-37.3-6.1(a)(1). Here, the issuing attorney has not provided any proof that Ms. LaFrance was individually apprised of this subpoena and given twenty (20) days challenge it.

Upon information and belief, the issuing attorney has not complied with the strict provisions of that section. Butler must strictly follow the statutory mandate and procedures, else it could incur both civil and criminal liability. See, e.g., Washburn v. Rite Aid Pharmacy, Corp., (R.I. 1997) (liability of pharmacy for unauthorized disclosure of records without patient consent or knowledge).

C. **Federal Law Prohibits Disclosure**

Federal law also prohibits release of Ms. LaFrance's medical records, if they indeed exist, under these circumstances. The Standards for Privacy of Individually Identifiable Health Information ("Privacy Rule") promulgated under the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), prohibit "covered entities" such a Butler[1] from releasing medical records unless one of several exceptions applies.[2] 45 C.F.R. 164.502(a) (2008). Butler may, under the circumstances, release records if it:

> (1) receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request. 45 C.F.R. 164.512 (e)(1)(ii)(A);
>
> (2) receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order . . . . 45 C.F.R. 164.512 (e)(1)(ii)(B); or
>
> (3) receives a valid signed court order compelling it to produce the documents. 45 C.F.R. 164.512 (e)(1)(i).

Upon information and belief, none of these exceptions apply to the instant case. The subpoenaing party has not provided any evidence that Ms. LaFrance has been notified of this subpoena or given a chance to protest it. See Exhibit A. The subpoenaing party has not provided any evidence that it has made "reasonable efforts" to "secure a qualified protective order" to ensure the confidentiality of the records. See Exhibit A. No court or administrative tribunal has ordered that these records be released. Therefore,

---

[1] As a "health care provider who transmits any health information in electronic form in connection with a transaction covered by" the Privacy Rule, Butler is a "covered entity." 45 C.F.R. 160.103.

[2] HIPAA does not preempt the Rhode Island Mental Health Law's privacy protections because the Mental Health Law's protections are "more stringent" than those in HIPAA. See 45 C.F.R. § 160.203(b).

Butler cannot comply with the subpoena without violating federal law. On these grounds alone, this Court should quash the subpoena.

### D. Butler Requests That All Information Ordered To Be Produced Be Reviewed In Camera

Should the Court determine that some or all of the information requested in the subpoena may be relevant to this lawsuit, Butler respectfully requests that the Court order any documents be produced first for the Court's in camera review. If it is further determined that the information should be released to counsel for the parties of record, Butler requests that such release be solely for the purposes of this litigation.

## III. CONCLUSION

For the reasons stated above, the Court should grant non-party Butler Hospital's motion to quash.

Respectfully submitted,

BUTLER HOSPITAL

By its Attorney,

Kristie M. Passalacqua

Kristie M. Passalacqua (#6945)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)

Dated: April 11, 2008

**CERTIFICATION**

TO:

Mary S. McElroy, Esq.
Assistant Federal Defender
10 Weybosset Street
Providence, Rhode Island 02903

Sandra Beckner, Esq.
Assistant United States Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

I certify that on the 11th day April, 2008, I delivered via facsimile and first-class mail a copy of the within Memorandum of Law to counsel of record, as listed above.

Kristie M. Passalacqua

#882284

Respectfully submitted,

BUTLER HOSPITAL

By its Attorney,

/s/ Kristie M. Passalacqua
Kristie M. Passalacqua (#6945)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (FAX)
kpassalacqua@haslaw.com

Dated: April 18, 2008

## CERTIFICATION

I hereby certify that on April 18, 2008, a copy of the foregoing Memorandum of Law in Support of Motion to Quash was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Kristie M. Passalacqua